STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 208-10-09 Vtec

                                         }
In re: Lamoille Valley Rail Trail        }
Act 250 Jurisdictional Opinion (Reconsidered)  }
        (Appeal of VTrans & VAST)         }
                                         }


        Decision and Order on Cross-Motions for Partial Summary Judgment

        Appellants the Vermont Agency of Transportation (VTrans) and the Vermont
Association of Snow Travelers (VAST) appealed from a Reconsidered Act 250
Jurisdictional Opinion issued by the District Coordinators for the District #5, District
#6, and District #7 Environmental Commissions.  The Reconsidered Jurisdictional
Opinion determined that Act 250 jurisdiction attaches to the Lamoille Valley Rail
Trail project proposed by Appellants, and therefore that an Act 250 permit is
required for the project.

        Appellant VTrans is represented by John K. Dunleavy, Esq. and Jesse L.
Moorman, Esq., and Appellant VAST is represented by Stephen A. Reynes, Esq.
Eleven Intervenors in this appeal are represented by Jon Groveman, Esq., Jamie
Fidel, Esq., and Henry T. Vogt, Esq.[1]  Other individuals have entered appearances in
this appeal representing themselves.[2]  Three additional individuals—David Ring,

_____

[1] The represented Intervenors are: Judy Jarvis, Bruce Kaufman, Judith Kane, Anne
McPherson, Charles Emers, Timothy Hartt, Deborah Hartt, Steven Gorelick,
Suzanna Jones, Rob MacLeod, and Kate Scarlott.  Intervenors were represented in
the jurisdictional opinion reconsideration by Stephanie Kaplan, Esq.
[2] The self-represented parties are Barry Cahoon, Robert Ferris, Angelique Ferris,
Gregory B. Beaudoin, Kathy A. Beaudoin, Bruce Markwell, Geoffrey M. Jackson,
Paul Meilleur, Melanie Meilleur, Helen Beattie, and Brendan Buckley.

1

Allie Ring, and Aline Ring—have entered an appearance, but have not provided the Court with any contact information. The Land Use Panel of the Vermont Natural Resources Board, through its General Counsel, John H. Hasen, Esq., determined not to participate in this appeal, and has informational status only, to receive copies of the Court's notices and orders.

Appellants and Intervenors have now filed cross-motions for partial summary judgment on Questions 1 and 2 of the Statement of Questions. Question 1 asks "[w]hether the District Coordinators had the authority to reconsider their [June 1, 2009] Jurisdictional Opinion." Question 2 asks "[w]hether the individuals requesting reconsideration of the [June 1, 2009] Jurisdictional Opinion were entitled to make such a request"; that is, whether they had "party status" under 10 V.S.A. § 6085(c) to request reconsideration of the initial Act 250 Jurisdictional Opinion.

Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." Montgomery v. Devoid, 2006 VT 127, ¶ 9, 181 Vt. 154 (quoting V.R.C.P. 56(c)(3); State v. Therrien, 2003 VT 44, ¶ 8, 175 Vt. 342). When presented with cross-motions for summary judgment, the Court is "directed to consider each motion in turn and to afford the party opposing the motion under consideration the benefit of all reasonable doubts and inferences." In re Delano Variance Application, No. 161-8-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Aug. 28, 2008) (Durkin, J.) (citing DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609).

2

<u>Factual & Procedural Background</u>

The following facts are undisputed unless otherwise noted.[3]

The proposed project at issue in this appeal involves a 93-mile-long right-of-way owned since 1973 by the State of Vermont, which runs between St. Johnsbury and Swanton, Vermont. Jurisdictional Opinion, at 3; Appellants' Statement of Undisputed Material Facts, at 1 (Feb. 16, 2010). The right-of-way, which is now known as the Lamoille Valley Rail Trail (LVRT), passes through eighteen municipalities and three Act 250 districts: District #6 (Franklin County), District #5 (Lamoille County), and District #7 (Orleans County). Jurisdictional Opinion, at 3. Beginning in the 1870s, the right-of-way served as a functioning rail line; however, it has not been used for rail operations since August 1995. Id.

Appellant VTrans, on behalf of the State of Vermont, entered into a long-term lease agreement with Appellant VAST in 2006 "for the purpose of revitalizing the State-owned rail line between St. Johnsbury and Swanton into the LRVT." Id. at 4. Appellants now propose to restore and redevelop the LVRT into a year-round "public recreational trail and alternative transportation facility," which will be maintained by Appellant VAST. Id. at 5. See also id. at 5–10 (describing the proposed work and maintenance involved in the LVRT project).

In February of 2006, Intervenors Rob MacLeod and Kate Scarlott requested an Act 250 Jurisdictional Opinion for the LVRT project proposed by Appellants. Id. at

---

[3] Many of the background facts regarding the proposed project at issue in this appeal are taken from the initial Act 250 Jurisdictional Opinion, <u>Re: Lamoille Valley Rail Trail</u>, Jurisdictional Opinion #5-06, #6-005, & #7-267 (June 1, 2009) [hereinafter Jurisdictional Opinion], and the Reconsidered Jurisdictional Opinion on appeal, <u>Re: Lamoille Valley Rail Trail</u>, Jurisdictional Opinion #5-06, #6-005, & #7-267 (Reconsideration) (Sept. 30, 2009) [hereinafter Reconsidered Jurisdictional Opinion].

2.[4] Because the proposed project was to be located within the District #5, District #6, and District #7 Environmental Districts, the request was one for a "tri-district jurisdictional opinion" to be issued by the District Coordinators from all three of the Act 250 Environmental Commissions. Id. After receiving proposed findings of fact and conclusions of law from Appellant VAST in December of 2008, and obtaining legal guidance from the general counsel of the Natural Resources Board in May of 2009, the District Coordinators issued Act 250 Jurisdictional Opinion #5-06, #6-005, & #7-267 on June 1, 2009. Id. In this initial Jurisdictional Opinion, the District Coordinators concluded that the proposed LVRT project did not trigger Act 250 jurisdiction and therefore "does not require a land use permit under the provisions of [Act 250]." Id. at 23. The basis for the conclusion that Act 250 did not apply was that the LVRT proposal qualified for the "repair and maintenance exemption" under Act 250. Id. at 22.[5]

The certificate of service accompanying the June 1, 2009 Jurisdictional Opinion stated that the opinion was delivered by electronic mail to those parties who had provided the District Coordinators with their e-mail addresses and by U.S. Mail to those parties who had not provided an e-mail address. See Certificate of Service (June 1, 2009) (stating that the opinion was delivered by U.S. Mail "to the following individuals without e-mail addresses [listed] and by e-mail to the

---

[4] A previous jurisdictional opinion had been issued in 2004 for the LVRT "salvage project" that preceded the "post-salvage phase conversion to a recreational trail," which is at issue the present appeal. Jurisdictional Opinion, at 2. The 2004 Jurisdictional Opinion "did not reach a conclusion with respect to the future use of the corridor by VAST or for other purposes," id., and no party argues that it is relevant to this appeal.

[5] In addition, the Jurisdictional Opinion concluded that if Act 250 jurisdiction was in fact triggered for the LVRT project, then that jurisdiction would be limited—but not preempted—in certain aspects by the federal National Trails System Act, 16 U.S.C. § 1247. Id. at 23.

4

individuals with e-mail addresses listed").  The District Coordinators sent the Jurisdictional Opinion by electronic mail to the listed parties despite the fact that the Act 250 Rules in effect at that time indicated that decisions and orders issued under the rules should be sent by U.S. Mail.  See, e.g., Natural Resources Board Act 250 Rule 6(A) (2007) [hereinafter Act 250 Rules] ("The day that a decision or order is issued shall be that date on which it has been certified that the decision or order has been placed in the U.S. Mail for delivery to interested persons or petitioners.").[6]

The final page of the Jurisdictional Opinion stated that "[r]econsideration requests are governed by Natural Resources Board [Act 250] Rule 3 and should be directed to the district coordinator[s] at the above address."  Id.  Act 250 Rule 3 states that "[p]ersons who qualify as parties pursuant to 10 V.S.A. [§] 6085(c)(1)(A) through (E) may request reconsideration from the district coordinator within 30 days of the mailing of the [jurisdictional] opinion."  Act 250 Rule 3(B).  Accordingly, under Act 250 Rule 3(B), those seeking a reconsideration of the initial Jurisdictional Opinion had from June 1, 2009, until July 1, 2009, to file a request with the District Coordinators.

On June 30, 2009, one day before the deadline for filing a request for reconsideration, Intervenors' then-attorney Stephanie Kaplan contacted the District #5 Coordinator by electronic mail "asking whether an electronic filing of a motion for reconsideration would meet the deadline for filing such a request."  Stanak Aff. ¶ 3 (Apr. 28, 2010); Intervenors' Statement of Undisputed Material Facts ¶ 12 (Apr. 12, 2010).  On the same day, the District #5 Coordinator responded to Attorney Kaplan and "offered [his] opinion that an electronic filing would meet the deadline

---

[6] The Act 250 Rules applicable to this reconsideration, which had been adopted in 2007, were superseded ten days after the reconsideration request was filed by the Act 250 Rules that took effect on July 10, 2009, available at http://www.nrb.state.vt.us/lup/publications/rules/2009rules.pdf.  All references to the "Act 250 Rules" in this decision refer to the 2007 Rules unless otherwise noted.

because the [NRB] ha[d] been advocating electronic submissions" and in "numerous cases" he had "accept[ed] electronic filings . . . as adequate and timely filings under the applicable rules." Stanak Aff. ¶ 4; Intervenors' Statement of Undisputed Material Facts ¶ 13. Also on June 30, 2009, the District #7 Coordinator contacted Intervenor Kate Scarlott and informed her "that it would be acceptable to file a motion for reconsideration via electronic mail." Sultan Aff. ¶ 4 (Apr. 12, 2010); Intervenors' Statement of Undisputed Material Facts ¶ 14.

At 4:00 p.m. on July 1, 2009, by electronic mail, Attorney Kaplan submitted a motion for reconsideration of the Jurisdictional Opinion on behalf of Intervenors to the three District Coordinators; the request was copied by electronic mail to Appellant VAST's attorney, Stephen Reynes. Stanak Aff. ¶ 6; Sultan Aff. § 7. The July 1 electronic submission was not copied to any other parties and did not include a certificate of service. Also on July 1, 2009, Intervenor Kate Scarlott mailed a paper copy of the reconsideration request to the three District Coordinators and to Appellant VAST. Intervenors' Statement of Undisputed Material Facts ¶ 14.

Appellant VAST received the paper copy of the motion for reconsideration in the mail on July 2, 2009, which included a certificate of service stating that the request had been sent to Appellant VAST and the three District Coordinators. Appellants' Statement of Undisputed Material Facts ¶ 6. The three District Coordinators received a paper copy of the reconsideration request in the mail on either July 2 or July 6, 2009. Stanak Aff. ¶ 6; Sultan Aff. § 7; Intervenors' Statement of Undisputed Material Facts ¶ 19; Reconsidered Jurisdictional Opinion, at 2.[7]

---

[7] The date on which the three District Coordinators received a hard copy of the request is either July 2 or July 6, 2009, but this discrepancy is not material for the purposes of these motions. Compare Reconsidered Jurisdictional Opinion, at 2 (stating that the request was received on July 2, 2009), with Stanak Aff. ¶ 6, and Sultan Aff. § 7, and Intervenors' Statement of Undisputed Material Facts ¶ 19 (stating that the request was received on July 6, 2009).

On July 3, 2009, by electronic mail, Attorney Kaplan filed a memorandum in support of the Intervenors' reconsideration request to the three District Coordinators. Stanak Aff. ¶ 6; Sultan Aff. § 7. Appellant VAST received a paper copy of the memorandum in support of the request in the mail on July 6, 2009. Appellants' Statement of Undisputed Material Facts ¶ 7.

On July 6, 2009, the three District Coordinators "sent a copy of the [reconsideration request] to [VAST], [VTrans], and Statutory Parties by U.S. Mail to individuals without email addresses and by email to the individuals with email addresses listed in the Certificate of Service." Intervenors' Statement of Undisputed Material Facts ¶ 20; Sultan Aff. ¶ 8; Stanak Aff ¶ 7. The cover letter that was included in the July 6 correspondence stated that the reconsideration request "was filed on July 1, 2009" with the District Commissions, and further stated:

> Rule 12(F) states a 15 day period for the filing of any replies following service of the motion. Given that the statutory parties are now being served with the motion for reconsideration, any replies will be due by July 22, 2009. Should any statutory party be interested in receiving a copy of the memorandum of law filed in support of the motion for reconsideration, please contact this office as soon as possible.

Letter from District #5, #6, and #7 Coordinators, to Appellants and Statutory Parties, at 1 (July 6, 2009).

On July 10, 2009, new Act 250 Rules went into effect, which include new provisions in Act 250 Rule 10 (2009) related to electronic filing in Act 250 permit application proceedings before the District Commissions.

Appellants both filed responses to the reconsideration request on July 22, 2009. Reconsidered Jurisdictional Opinion, at 1. In its response, Appellant VAST asserted that Intervenors' request for reconsideration was "untimely and procedurally flawed" and should therefore be dismissed. Id.

The District Coordinators issued the Reconsidered Jurisdictional Opinion on September 30, 2009. In the opinion, the District Coordinators first determined that the July 1, 2009 request for reconsideration filed via electronic mail was timely and concluded that Intervenors satisfied the requirements for party status under 10 V.S.A. § 6085(c). Reconsidered Jurisdictional Opinion, at 2–3. The Reconsidered Jurisdictional Opinion ultimately "reverse[d] the original Jurisdictional Opinion and conclude[d] that a land use permit is required for the development of the LVRT." Id. at 1.

Appellants appealed the September 30, 2009 Reconsidered Jurisdictional Opinion to this Court in the above-captioned appeal, Docket No. 208-10-09 Vtec.

Question 1: Timeliness of the Request for Reconsideration

Question 1 of the Statement of Questions asks "[w]hether the District Coordinators had the authority to reconsider their [June 1, 2009] Jurisdictional Opinion." Appellants argue that the request for reconsideration submitted by Intervenors was not timely, and, therefore, that the District Coordinators, and the Court in this de novo appeal, lack jurisdiction to entertain the request. More specifically, Appellants assert that the reconsideration request submitted via electronic mail on July 1, 2009, was not a proper method of filing such a request and cannot serve to satisfy the July 1, 2009 filing deadline. Therefore, because the paper copy of the request was not received by the District Coordinators until July 2, 2009, at the earliest—one day after the filing deadline—Appellants argue that the request was untimely and that the District Cooordinators and this Court lack jurisdiction over Appellants' request. Appellants' Motion for Summary Judgment, at 1, 6. Appellants also argue, in the alternative, that the Court lacks jurisdiction because Intervenors "did not serve any of the documents relating to the motion in accordance with the [2007] NRB [Act 250] Rules." Id. at 8.

8

In response, Intervenors argue that the July 1, 2009 submission of the request for reconsideration via electronic mail was a proper, and therefore timely, method of filing such a request. Intervenors' Motion for Summary Judgment, at 3 (Apr. 12, 2010). As to Appellants' argument that the request should be dismissed due to procedural defects in service, Intervenors argue that the only jurisdictional requirement is the timely filing of a request for reconsideration and that any procedural defects, if any, have been (or can be) remedied and do not require dismissal. Id. at 7–10.

Regulations Governing Requests for Reconsideration of Act 250 Jurisdictional Opinions

Act 250 jurisdictional opinions and requests for reconsideration of such opinions are authorized by a specific statutory section, 10 V.S.A. § 6007(c), and are governed by Act 250 Rule 3. The statutory and regulatory provisions governing jurisdictional opinions and requests for reconsideration before a district coordinator, 10 V.S.A. § 6007(c) and Act 250 Rule 3, are separate and distinct from the statutory and regulatory provisions governing Act 250 proceedings before a District Commission. Because a reconsideration request made under Act 250 Rule 3 is one made to the district coordinator, and is not a proceeding before the district commission, such a request is not subject to Act 250 Rules 10 through 21, which only govern "Procedures Before the District Commissions." Act 250 Rules art. II.

Section 6007(c) provides that, "with respect to an activity which might or might not constitute development" under Act 250, "any person . . . may request a jurisdictional opinion from the district coordinator concerning the applicability of [Act 250]." Act 250 Rule 3(A) provides similarly that "[a]ny person seeking a ruling as to whether an activity constitutes a development . . . subject [to] the jurisdiction of

9

[Act 250] may request a jurisdictional opinion from a district coordinator . . . pursuant to the provisions of 10 V.S.A. [§] 6007(c)."

Act 250 Rule 3 and 10 V.S.A. § 6007(c) do not require a person who is requesting a jurisdictional opinion to serve the request on any other party; all that is required is to make the request to the district coordinator. The only service or notice requirements found in 10 V.S.A. § 6007(c) relate to what is required when a jurisdictional opinion is issued, and even those requirements are the responsibility of the district coordinator and are only required if, as here, the requestor wishes the jurisdictional opinion to have finality. That is, notice to other potentially interested parties only occurs after the jurisdictional opinion is issued; the statutory scheme for such notice thus allows those parties, if they wish, to request reconsideration of the jurisdictional opinion.

Specifically, under § 6007(c), if the requestor wishes the jurisdictional opinion to be a "final determination," it is the responsibility of the district coordinator, not the requestor, to publish notice of the jurisdictional opinion after it is issued, to serve the opinion on all the parties listed in 10 V.S.A. § 6085(c)(1)(A) through (D), and to notify those on a "[§] 6085(E) list of persons" who are "adjoining property owners or other persons who would be likely to be able to demonstrate a particularized interest protected by [Act 250] that may be affected by an act or decision by a district commission." [8]

---

[8]    Rule 3 of the 2004 Environmental Board Rules, which governed Act 250 proceedings when appeals of such proceedings were within the jurisdiction of the former Environmental Board, provided similarly for service of the jurisdictional opinion to be accomplished by the district coordinator, at the expense of the requestor. Rule 3 of the 2007 (and 2009) Act 250 Rules is silent as to service of jurisdictional opinions; that is, the service requirements for jurisdictional opinions are now only found in the statute, 10 V.S.A. § 6007(c).

The only responsibilities of the requestor under § 6007(c)—which still only relate to requirements after a jurisdictional opinion is issued, not when it is requested—are to bear the expense of the district coordinator's notice and service and to "consult with the district coordinator and obtain approval of a [§] 6085(c)(1)(E) list of persons who shall be notified by the district coordinator." That is, as well as having no responsibility for serving anyone with the initial request for a jurisdictional opinion, the requestor of a jurisdictional opinion has no responsibility for service of the jurisdictional opinion after it is issued; by statute, that service is the responsibility of the district coordinator.

Once a jurisdictional opinion intended to be a "final determination" has been issued by a district coordinator, the statute provides that it "shall be subject to a request for reconsideration in accordance with [the Act 250 Rules]." 10 V.S.A. § 6007(c). Act 250 Rule 3(B), which authorizes such reconsideration requests by rule, allows "[p]ersons who qualify as parties pursuant to 10 V.S.A. [§] 6085(c)(1)(A) through (E)," to "request reconsideration from the district coordinator within 30 days of the mailing of the opinion." If a reconsideration request is not filed within the thirty-day period established by Rule 3(B), then the jurisdictional opinion becomes final, absent fraud or a failure to disclose material facts. See Act 250 Rule 3(B) (stating that a district coordinator is permitted by rule to "reconsider, or accept a request for reconsideration of, a jurisdictional opinion at any time upon an adequate showing of a failure to disclose material facts or fraud").

As with an initial request for a jurisdictional opinion, Act 250 Rule 3 and 10 V.S.A. § 6007(c) do not require the request for reconsideration to be served on any other party.[9] That is, the Act 250 Rules do not require the requestor or the district

---

[9] Under Act 250 Rule 3 and 10 V.S.A. § 6007(c), of course, the district coordinators must serve a reconsidered jurisdictional opinion on the other potential parties, as for any jurisdictional opinion.

11

coordinator to provide notice or service of the reconsideration request to those parties who had been provided with the initial jurisdictional opinion under 10 V.S.A. § 6007(c). In the absence of such a rule, the practice of the District Coordinators, at least as evidenced in this case, appears to be to notify those same parties when a request for reconsideration is filed. Similarly, it appears to be the practice of the District Coordinators to provide for service of any memoranda filed in connection with a reconsideration request on the parties who had been notified of the issuance of the jurisdictional opinion, and to allow a full fifteen days for any responsive memoranda to be filed, much as is provided for district commission proceedings under Act 250 Rule 12(H) and 12(F).

### Timeliness of Intervenors' Electronic Filing

Under Act 250 Rule 3(B), persons who qualify as parties under 10 V.S.A. § 6085(c)(1) may submit a reconsideration request within thirty days of the mailing of the initial jurisdictional opinion. In the present case, Intervenors had until July 1, 2009, to file a request for reconsideration, assuming that the Jurisdictional Opinion was mailed on June 1, 2009.[10] Intervenors submitted their reconsideration request to the District Coordinators via electronic mail on July 1, 2009, at 4:00 p.m.

Nothing in 10 V.S.A. § 6007(c) or Act 250 Rule 3 addresses the required method of filing a request for reconsideration of a jurisdictional opinion issued by a district coordinator. That is, nothing in the 2007 Act 250 Rules prohibited the district coordinators from accepting filings related to jurisdictional opinions in electronic form.[11] Therefore, under 10 V.S.A. § 6007(c) and Act 250 Rule 3(B), the Court

---

[10] The Certificate of Service that accompanied the Jurisdictional Opinion indicates that the Jurisdictional Opinion was mailed, as well as issued, on June 1, 2009.

[11] Under the 2009 Act 250 Rules, electronic filing is now required in permit application proceedings before a district commission. Act 250 Rule 10(E) (2009)

concludes that district coordinators may allow the electronic filing of requests to reconsider jurisdictional opinions.

As noted above, Act 250 Rule 12, which enumerates several procedural requirements before the district commissions, does not apply to requests submitted to a district coordinator under Rule 3.  However, even if Act 250 Rule 12(A) were to apply, it allows the District Coordinators to permit the electronic submission of a reconsideration request.  Act 250 Rule 12(A) states that documents are "deemed to have been filed when [they are] received by the district commission," but the Act 250 Rules are silent as to the permissible methods for accomplishing such "receipt," even in cases before the district commissions.

Therefore, because the rules are silent as to how filing of a jurisdictional opinion reconsideration request must be completed, and because the rules do not prohibit the district coordinators from accepting electronic submissions in handling jurisdictional opinions, Intervenors' July 1 request sent via electronic mail was a permissible filing submitted before the deadline expired.[12]  It was not untimely and should not be dismissed for that reason.[13]

---

("[F]ilings by the applicant and any other party to a permit application shall also be submitted in electronic format unless the district coordinator waives this requirement because it creates an undue burden for the applicant or a party," and "[t]he district coordinator may provide for alternate electronic filing methods."). Although by its terms 2009 Act 250 Rule 10(E) does not apply to the filing of requests for jurisdictional opinions and requests for reconsideration of such opinions from district coordinators, it does suggest that the policy of the NRB generally is to encourage the filing of documents in electronic format.

[12]  This is especially true in light of the fact that the District Coordinators, even when applying Act 250 Rule 12 to requests for reconsideration of jurisdictional opinions, had interpreted the 2007 Act 250 Rules to allow for electronic filings.  See, e.g., Reconsidered Jurisdictional Opinion, at 2 (stating that "it had been the practice of the district offices to accept electronic filings of submittals" and noting that the "Jurisdictional Opinion itself was issued by electronic transmission to several parties and persons"); Stanak Aff. ¶ 4 (stating that in "numerous cases" he had "accept[ed]

<u>"Service" of the Reconsideration Requests and Accompanying Documents</u>

Appellants next argue that, even if Intervenors filed their reconsideration request with the District Coordinators within the thirty-day period, they "did not serve any of the documents relating to the motion in accordance with the NRB Rules," and therefore they argue that "no cognizable motion to reconsider was filed under the statute." Appellants' Motion for Summary Judgment, at 8.

Appellants' argument appears to assume that Act 250 Rule 12 is applicable to jurisdictional opinions and reconsideration requests brought before a district coordinator under Act 250 Rule 3. However, as discussed above, Rule 12 is only applicable to proceedings brought before a district commission, not to requests made to a district coordinator. Therefore, Intervenors were not required by the Act 250 Rules to comply with the service requirements enumerated in Rule 12.

The only provisions Intervenors were required to comply with were Act 250 Rule 3 and 10 V.S.A. § 6007(c). Act 250 Rule 3 is silent as to any service requirements that must be complied with by an individual filing an initial or reconsideration

electronic filings . . . as adequate and timely filings under the applicable rules"). Where a regulation "is silent or ambiguous regarding a particular matter th[e] Court will defer to agency interpretation of [the regulation] within its area of expertise as long as it represents a permissible construction of the [regulation]." In re Hinsdale Farm, 2004 VT 71, ¶ 19, 177 Vt. 115 (quoting In re Smith, 169 Vt. 162, 169 (1999)); see also In re Audet, 2004 VT 30, ¶ 9, 176 Vt. 617 (mem.) (stating that the Court "defer[s] to the Board's "interpretations of Act 250 and its own rules" (citation omitted)). Because the Act 250 Rules are silent regarding the allowable methods for filing a request to reconsider a jurisdictional opinion, and because the district coordinators' practice of accepting electronic filings represents a reasonable and permissible construction of the Rules, the Intervenors' submission via electronic mail was timely filed within the thirty-day period.

[13] Intervenors also argue that electronic filing should be found to be permissible in this instance based on the doctrine of promissory estoppel. Intervenors' Summary Judgment, at 5–6; Intervenors' Reply, at 3–5 (May 24, 2010). It is not necessary to address the estoppel argument because the timeliness issue is resolved on other grounds.

request under that rule. That is, all that is required under Act 250 Rule 3 is that the individual file the request with the district coordinator within the thirty day period; the requestor is not required to serve the request on any other party. The statute, 10 V.S.A. § 6007(c), is also silent as to service requirements that must be complied with by a person filing an initial request or a reconsideration request; that is, the statute likewise does not require the requestor to serve the request on any other party. The only service requirements provided in 10 V.S.A. § 6007(c) relate to service of a final jurisdictional opinion once it is issued, rather than a request for the opinion, and even those requirements fall largely on the district coordinators, and are not at issue in this case. Therefore, Intervenors did not violate any regulatory or statutory provisions regarding service of their reconsideration request, and dismissal of their timely request is not warranted on this basis.

Even though Act 250 Rule 12 is not applicable to requests for jurisdictional opinions, it appears to have been the practice of the District Coordinators to apply the principles embodied in that rule to such requests, presumably to provide reasonable service or notice despite the lack of such requirements in Act 250 Rule 3 and 10 V.S.A. § 6007. The District Coordinators in this case provided service or notice of Intervenors' reconsideration request on all the parties whom they were required to serve with the initial jurisdictional opinion, carrying out the principle behind Rule 12(H), and provided a full fifteen days for Appellants to file any responses to the reconsideration request, as they would have received in a proceeding governed by Rule 12(F).

Even if Act 250 Rule 12 were applicable to Intervenors' reconsideration request, dismissal would still not be warranted under these circumstances because the only requirements that are jurisdictional under the statute and rules—that is, the only requirements that mandate dismissal in a district commission proceeding if not complied with—are the filing deadlines set forth in the rules or statute. Such filing

15

deadlines cannot be waived by the district commissions or by this Court in a <u>de novo</u> appeal. See, e.g., <u>Re: Bernard Carrier</u>, Application # #7R0639-1-EB, Memorandum of Decision, at 3 (Vt. Envtl. Bd. Oct. 20, 1999) (dismissing as untimely a motion to alter that was filed one day after the deadline because the Board "cannot waive the filing deadline set forth in [the Act 250 Rules]"). Failure to fully comply with any subsequent procedural step, such as defective service, may allow dismissal, but does not require dismissal of a petition or notice. See, e.g., <u>Re: Clearwater Realty</u>, Declaratory Ruling Request #318, Findings of Fact, Concl. of Law, & Order, at 9 (Vt. Envtl. Bd. Sept. 27, 1996) (refusing to dismiss a request for declaratory ruling that was submitted within the filing deadline, despite the fact that it was not properly served on all parties and despite the fact that the rule was silent as to whether other procedural defects required dismissal). Therefore, absent noncompliance with a filing deadline set by statute or rule, failure to comply with subsequent procedural requirements of the rules will rarely warrant dismissal of a petition, request, or appeal under Act 250 Rule 18(D).

Such dismissal of a case based on subsequent procedural defects is generally only warranted when it is found that a party acted in "bad faith or deliberate and willful disregard for the [tribunal's] orders" and that there has been "prejudice to the party seeking the dismissal." <u>Kapitan</u>, Decl. Ruling #388, Dismissal Order, at 3 (citing <u>John v. Med. Ctr. Hosp. of Vt., Inc.</u>, 136 Vt. 517, 519 (1978)). In this case, the Court finds no bad faith or willful disregard of any requirement of the District Coordinators; to the contrary, Intervenors requested guidance from the District Coordinators and then followed their instructions. Therefore, even if Act 250 Rules 12 and 18 were to apply, the procedural defects in service in the present case would not warrant dismissal of Intervenors' request for reconsideration.

Because Act 250 Rule 12 does not apply, and therefore Intervenors did not violate any procedural requirements applicable to requests for reconsideration, there are no grounds for dismissal of the request.

Accordingly, Intervenors' Motion for Summary Judgment as to Question 1 of the Statement of Questions is GRANTED, and Appellants' motion as to Question 1 is DENIED.

Question 2: Intervenors' Party Status

Question 2 of the Statement of Questions asks "[w]hether the individuals requesting reconsideration of the [June 1, 2009] Jurisdictional Opinion were entitled to make such a request"; that is, whether they had party status under 10 V.S.A. § 6085(c) when they requested the District Coordinators to reconsider the initial Act 250 Jurisdictional Opinion.

Appellants argue that Intervenors "failed to satisfy both the procedural and substantive requirements" for party status under 10 V.S.A. § 6085(c). Appellants' Motion for Summary Judgment, at 1. In their cross-motion, Intervenors first argue that Question 2 is "moot because this Court granted Intervenors' Motion to Intervene as parties [in this Court] on November 18, 2009." Intervenors' Cross-Motion for Summary Judgment, at 10 (Apr. 12, 2010). In the alternative, Intervenors argue that they do satisfy the standing requirements of 10 V.S.A. § 6085(c), or that "Appellants at best raise an issue of material fact" because "[a] challenge to party status is necessarily fact[-]sensitive and inappropriate for summary judgment." Id. at 11.

At the outset, the Court must distinguish between obtaining party status to request reconsideration of a jurisdictional opinion before the District Coordinators, which is at issue in the present motion, and having party status or standing in the

17

appeal before this Court, which Appellants do not challenge in their motion.[14]  The former analysis is governed by Act 250 Rule 3(B) and 10 V.S.A. § 6085(c)(1).  See Act 250 Rule 3(B) (stating that "[p]ersons who qualify as parties pursuant to 10 V.S.A. [§] 6085(c)(1)(A) through (E) may request reconsideration from the district coordinator"); 10 V.S.A. § 6085(c)(1) (enumerating five categories of those who qualify for "party status" in Act 250 proceedings generally).  Appellants argue in their Motion for Summary Judgment that Intervenors failed to satisfy the requirements of party status to request the District Coordinators to reconsider a jurisdictional opinion, that is, under Act 250 Rule 3(B) and 10 V.S.A. § 6085(c)(1).

Under the Act 250 statute and rules, "any person" can request a jurisdictional opinion from a district coordinator.   10 V.S.A. § 6007(c); Act 250 Rule 3(A).  However, in order subsequently to request reconsideration of a jurisdictional opinion, the requestor must "qualify as [a party] pursuant to 10 V.S.A. [§] 6085(c)(1)(A) through (E)."   Act 250 Rule 3(B).  In order to qualify as a party under § 6085(c)(1)(E), which is the only "party status" category applicable to Intervenors, prospective parties must be "adjoining property owner[s] or other person[s]," who have "a particularized interest protected by [Act 250]," and whose interest "may be affected by an act or decision by a district commission."  10 V.S.A. § 6085(c)(1).

---

[14] The issue of standing to appeal a jurisdictional opinion to this Court is governed by 10 V.S.A. § 6089 and 10 V.S.A. ch. 220.  See 10 V.S.A. § 6089 ("Appeals of any act or decision of a district coordinator or a district commission under [Act 250] shall be made to the environmental court in accordance with chapter 220 of [Title 24]"); id. § 8504(a) (stating that "any person aggrieved by an act or decision of . . . a district coordinator, or a district commission under the provisions of law listed in [§] 8503 of this title . . . may appeal to the environmental court"); id. § 8502(7) (defining "person aggrieved" to mean "a person who alleges an injury to a particularized interest protected by the provisions of law listed in [10 V.S.A. § 8503], attributable to an act or decision by a district coordinator, district commission . . . or the environmental court that can be redressed by the environmental court or the supreme court").

Based on the information contained in their July 1, 2009 reconsideration request, the Court concludes that all of the Intervenors except for Steven Gorelick and Suzanna Jones made an adequate showing to the District Coordinators of what is required for party status under 10 V.S.A. § 6085(c)(1)(E). First, all the Intervenors demonstrated that they are all adjoining property owners who either reside or operate commercial businesses in the direct vicinity of the LVRT. Intervenors' Request for Reconsideration Memorandum, at 1–2 (July 1, 2009). Second, all the Intervenors, except for Steven Gorelick and Suzanna Jones, asserted a particularized interest protected by Act 250: they showed a very close proximity—as close as 20 or 30 feet, and in any event less than 100 feet—to the rail corridor and therefore showed their potential to be specifically affected by the activities proposed for the LVRT.[15]

An "interest protected by Act 250 is sufficiently particularized if it is not a general policy concern shared by the public." See, e.g., In re Big Spruce Road Act 250 Subdivision, No 95-5-09 Vtec, slip op. at 5 (Vt. Envtl. Ct. Apr. 21, 2010) (Durkin, J.) (citing In re Champlain Marina, Inc. Dock Expansion, No. 28-2-09 Vtec, slip op. at 5-6 (July 31, 2009) (Durkin, J.)). Intervenors have shown that their interest in what is

---

[15] On the other hand, Intervenors Steven Gorelick and Suzanna Jones merely asserted that they live "in East Hardwick several hundred yards away from the rail corridor." Intervenors' Request for Reconsideration Memorandum, at 2. They did not provide sufficiently specific information about the distance of their home from the rail corridor, or about the potential effect of the LVRT on their interests, for the District Coordinators to have determined that they had a sufficiently particularized interest, protected by Act 250, to qualify under § 6085(c)(1). This does not necessarily mean that they lack the requisite interest to participate as parties in the proceeding before this Court, only that they did not sufficiently show it to the District Coordinators at the time of requesting reconsideration of the Jurisdictional Opinion. Any issues regarding their party status in the present proceeding before the Court must be raised as provided in V.R.E.C.P. 5(d)(2), and would necessarily be fact-specific.

proposed to occur within a short distance of their homes, businesses, and household and agricultural uses is a "particularized" interest and not merely a general grievance "[b]ecause of the close proximity of their homes to the rail corridor, the construction, use, and ongoing maintenance of a four-season recreational trail for a multitude of uses, including snowmobiles." Intervenors' Request for Reconsideration Memorandum, at 2–3. Intervenors adequately assert that those particularized interests "may be affected by" the outcome of the jurisdictional opinion, because if Act 250 jurisdiction does not attach and a permit is not required then "they would [not] have an opportunity to participate in the review and seek some mitigation of the impacts." Id. at 1. Accordingly, all the Intervenors except for Steven Gorelick and Suzanna Jones qualified as parties under 10 V.S.A. § 6085(c)(1)(E) and were therefore permitted to request the District Coordinators to reconsider the initial Jurisdictional Opinion.[16]

In their motion, Appellants also assert that Intervenors have failed to satisfy several procedural requirements enumerated in 10 V.S.A. § 6085(c)(2). Subsection 6085(c)(2) states that those "seeking to participate in proceedings before the district commission as parties pursuant to [§ 6085 (c)(1)(E)] must petition for party status," which can be made "orally or in writing to the district commission." Id. § 6085(c)(2) (emphasis added). That subsection also specifies what must be included in a party's oral or written petition to the district commission. See id. (requiring the petition to

---

[16] Their party status in regard to any Act 250 permit proceeding before the District Commission, if an Act 250 permit is required for the project, is not before this Court at this time. Similarly, any challenges to their party status in the de novo proceeding on the merits of the jurisdictional opinion before this Court is also not before the Court at this time; any challenges to Intervenors' party status in this de novo appeal must be made as provided in V.R.E.C.P. 5(d)(2), and would necessarily be fact-specific. All that is before the Court in this motion is whether Intervenors made a sufficient showing to the District Coordinators of their party status under 10 V.S.A. § 6085(c)(1)(E) to qualify to make the reconsideration request.

include, among other things, "a detailed statement of the petitioner's interest under the relevant criteria of the proceeding, and a "statement of the reasons the petitioner believes the <u>district commission</u> should allow the petitioner party status in the pending proceeding" (emphasis added)).

In contrast to § 6085(c)(1), the procedural provisions of § 6085(c)(2) only apply to proceedings before the district commissions; that subsection is not applicable to jurisdictional opinions or their reconsideration by the district coordinators.[17] It is only § 6085(c)(1) that is made applicable to reconsideration of jurisdictional opinions, and only by the references to § 6085(c)(1) in 10 V.S.A. § 6007(c) and Act 250 Rule 3(b). Because a party seeking reconsideration of a jurisdictional opinion under Act 250 Rule 3(B) is not required by statute or rule to satisfy the petition requirements of 10 V.S.A. § 6085(c)(2), the fact that Intervenors did not follow those requirements did not deprive them of party status to file the reconsideration request with the District Coordinators.

The Court concludes that all Intervenors, with the exception of Steven Gorelick and Suzanna Jones, made an adequate showing to the District Coordinators under 10 V.S.A. § 6085(c)(1)(E), and that they therefore were qualified to seek reconsideration of the initial Jurisdictional Opinion before the District Coordinators. Accordingly, Intervenors' Motion for Summary Judgment as to Question 2 of the Statement of Questions is GRANTED, except as to Steven Gorelick and Suzanna Jones,[18] and Appellants' motion as to Question 2 is DENIED.

---

[17] This is analogous to the difference between Act 250 Rule 3, which is only applicable to jurisdictional opinions and their reconsiderations by the district coordinators, and Act 250 Rules 10 through 21, which are only applicable to district commission proceedings.

[18] If any motions are filed in this matter regarding the party status of Ms. Gorelick and Mr. Jones before this Court, they will be addressed in the ordinary course of motions practice. See V.R.E.C.P. 5(d)(2).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Intervenors' Motion for Summary Judgment as to Questions 1 and 2 of the Statement of Questions is GRANTED, with the exception stated above, and Appellants' Motion for Summary Judgment as to Questions 1 and 2 of the Statement of Questions, seeking dismissal of this jurisdictional opinion appeal, is DENIED.

The represented parties previously agreed that the merits of the appeal could be submitted entirely by summary judgment, and that a schedule for summary judgment as to Questions 3 through 6 of the Statement of Questions should be set after the conclusion of the present motion. A telephone conference has therefore been set (see enclosed notice) to discuss such a schedule and any other scheduling or mediation issues. If the parties discuss and agree on a proposed schedule in advance of the conference, they are requested to file it with the Court on or before August 13, 2010, as the courts are closed on August 16, 2010 in recognition of Bennington Battle Day, a state holiday.

Done at Berlin, Vermont, this 30th day of July, 2010.

_____
Merideth Wright
Environmental Judge